[Docket No. 1]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

NASIR FINNEMAN,

        Plaintiff,

  v.

MS. REILLY, MR. DEAN, and
MS. MURPHY,

        Defendants.

Civil A. No. 24-10871
(RMB-EAP)

**OPINION**

**RENÉE MARIE BUMB, Chief United States District Judge:**

    This matter comes before the Court upon the filing of a Complaint and application to proceed *in forma pauperis* ("IFP") by *pro se* Plaintiff Nasir Finneman. [Compl. (Docket No. 1); IFP (Docket No. 1-3).] Plaintiff's IFP application establishes Plaintiff's financial eligibility to proceed without prepayment of the filing fee and will be granted. 28 U.S.C. § 1915. For the reasons explained herein, upon screening, Plaintiff's Complaint will be dismissed without prejudice.

**I.    SCREENING FOR DISMISSAL**

    When a person files a complaint and is granted IFP status, 28 U.S.C. § 1915(e)(2)(B) requires courts to review the complaint and dismiss claims that: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such

relief. Courts, however, must liberally construe pleadings that are filed *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The legal standard for dismissing a complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), is the same as that for dismissal under Federal Rule of Civil Procedure 12(b)(6). *See Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). And while "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. *Iqbal*, 556 U.S. at 678.

## II.   THE COMPLAINT

Plaintiff's Complaint alleges that the three named Defendants, apparently employed at a Social Security Administration office in Egg Harbor Township, New Jersey, did not assist him when he presented to said office claiming that money had been stolen from his checking account. [Compl. at 3–5.] It is unclear whether

Plaintiff contends that the named Defendants allegedly stole the missing funds or simply did not assist him in recovering said funds. The Complaint further alleges that Plaintiff earns money from regular plasma donations and that he is entitled to the full amount earned in return for his plasma donations. [*Id.*] He appears to allege that someone – perhaps Defendants, the Social Security Administration (the "SSA") itself, or some other third-party – unlawfully took $270.00 out of a direct deposit payment of $974.25 for his plasma donations. [*Id.* at 3.] Plaintiff requests that the Court "investigate & punish" what he views to be criminal behavior in connection with his checking account. [*Id.* at 8.]

### III.   SUBJECT MATTER JURISDICTION

The Court has an independent obligation to satisfy itself of its subject matter jurisdiction, and the Court "always has jurisdiction to determine its [own] jurisdiction." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) (citing *United States v. Ruiz*, 536 U.S. 622, 628 (2002)). "A federal court has subject matter jurisdiction over civil actions arising under 'the Constitution, laws, or treaties of the United States' (federal question jurisdiction) and civil actions between citizens of different states with the amount in controversy exceeding the sum or value of $75,000 (diversity jurisdiction)." *Rockefeller v. Comcast Corp.*, 424 F. App'x 82, 83 (3d Cir. 2011) (citing 28 U.S.C. §§ 1331, 1332(a)). "If a federal district court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." *Finneman v. Fuller*, 2025 WL 3055029, at *1 (D.N.J. Oct. 31, 2025) (citing FED. R. CIV. P. 12(h)(3)).

3

Here, Plaintiff asserts that this Court has federal question jurisdiction over his claims.[1] [Compl. at 2.] "Federal question jurisdiction exists only if a federal question is presented on the face of the complaint." *Rockefeller*, 424 F. App'x at 83 (citing *Club Comanche, Inc. v. Gov't of V.I.*, 278 F.3d 250, 259 (3d Cir. 2002)). While courts must liberally construe *pro se* pleadings, this requirement does not excuse *pro se* plaintiffs from complying with the standard rules of civil procedure. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (a plaintiff is "not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds *pro se*."). As such, Plaintiff must sufficiently establish this Court's subject matter jurisdiction over his Complaint.

### A.   Title XVI Claim

Plaintiff claims that his suit arises under Title XVI of the Social Security Act (the "Act"), according to the civil cover sheet accompanying his Complaint [Docket No. 1-1]. Based on the Complaint, it appears that Plaintiff receives supplemental security income ("SSI") benefits under Title XVI of the Act. "Title XVI provides [SSI] benefits 'to financially needy individuals who are aged, blind, or

---

[1]   Plaintiff does not assert that this Court has diversity jurisdiction over his case. Nor could he. All named parties are citizens of New Jersey, precluding diversity jurisdiction under 28 U.S.C. 1332.

4

disabled regardless of their insured status." *Smith v. Berryhill*, 587 U.S. 471, 475 (2019) (quoting *Bowen v. Galbreath*, 485 U.S. 74, 75 (1988)).

Plaintiff alleges that certain funds were "stolen out of [his] SSI direct deposit income" that was reflected in his checking account and that "Social Security does not take money out of plasma donations." [Compl. at 3, 4.] The Court liberally construes these allegations as challenging the amount of SSI benefits he received.

This Court, however, has "subject matter jurisdiction over claims arising under the Social Security Act *only after* a claimant has exhausted administrative remedies and obtained a final decision of the Commissioner [of Social Security]." *Cope v. SSI-SSA*, 2013 WL 775760, at *5 (D.N.J. Feb. 28, 2013) (emphasis in original), *aff'd sub nom. Cope v. Soc. Sec. Admin.*, 532 F. App'x 58 (3d Cir. 2013). Plaintiffs "must generally proceed through a four-step process before they can obtain review from a federal court." *Smith*, 587 U.S. at 475–76.

This process is set forth in 42 U.S.C. § 405(g), which "provides the exclusive basis for judicial review of decisions issued by the [SSA]." *Cope*, 2013 WL 775760, at *4. "First, the claimant must seek an initial determination as to his eligibility. Second, the claimant must seek reconsideration of the initial determination. Third, the claimant must request a hearing, which is conducted by an ALJ. Fourth, the claimant must seek review of the ALJ's decision by the Appeals Council. If a claimant has proceeded through all four steps on the merits, . . . § 405(g) entitles him to judicial review in federal district court." *Smith*, 587 U.S. at 476 (internal citations omitted).

5

There is no indication that Plaintiff has even attempted to undertake any of these administrative steps prior to seeking federal court review. Indeed, Plaintiff specifically alleges that he has not. As set forth in the Complaint, Defendants told Plaintiff that he could appeal any determination of the SSA and even provided him with the forms to initiate the administrative process, which he refused to complete. [Compl. at 4–5.] Clearly, based on the allegations before the Court, Plaintiff has not exhausted his administrative remedies or obtained a final decision from the Commissioner of Social Security prior to filing this action. Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's claims insofar as they challenge a decision of the SSA. *See, e.g.*, *Edwards v. Kijakazi*, 2022 WL 1213329, at *2 (D.N.J. Apr. 25, 2022); *Alvarez v. Berryhill*, 2018 WL 2411605, at *2 (D.N.J. May 29, 2018); *Carter v. Hartman*, 2013 WL 1501926, at *1 (D.N.J. Apr. 10, 2013).

**B.     No Other Federal Questions**

The Court has carefully reviewed the Complaint and liberally construed Plaintiff's allegations to determine whether there is any other viable claim pled over which it has subject matter jurisdiction. Despite having done so, the Court cannot discern any other violation of federal law, the Constitution, or treaty of the United States pled in the Complaint over which this Court may properly exercise federal

question jurisdiction.[2]  Accordingly, the Complaint must be dismissed for lack of subject matter jurisdiction.

## IV.  CONCLUSION

For the reasons stated herein, Plaintiff's IFP application is **GRANTED**. Upon screening, however, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.  Plaintiff may amend his pleadings to remedy the deficiencies identified herein within thirty (30) days. Should he fail to timely do so, this matter will be deemed dismissed with prejudice. An appropriate Order shall issue on this date.

Dated: January 8, 2026                              s/Renée Marie Bumb
                                                    RENÉE MARIE BUMB
                                                    Chief United States District Judge

---

[2]  Plaintiff's allegations that his money was stolen arise under state law, such as a claim for conversion.  And to the extent Plaintiff accuses Defendants of criminal conduct, he has no standing to assert criminal law claims in this civil action.  *See, e.g.*, *Itiowe v. Daniel*, 2017 WL 4179811, at *1 (D.N.J. Sept. 21, 2017); *Ali v. Jersey City Parking Auth.*, 2014 WL 1494578, at *4 (D.N.J. Apr. 16, 2014) ("a private party may not bring a criminal action against another individual or entity as Plaintiff attempts to do here."), *aff'd*, 594 F. App'x 730 (3d Cir. 2014).